**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHEVRON U.S.A. INC.**,

    Plaintiff,

vs.                                          **Case No. 8:04-CV-2315-T-17EAJ**

**MJG CORPORATION OF PINELLAS**
and **MICHAEL J. GENTILE**,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On June 7, 2005, the court conducted a hearing on **Plaintiff's Motion to Show Cause** (Dkt. 9).[1] In the Motion, Plaintiff requested that the court require Defendants MJG Corporation of Pinellas and Michael J. Gentile to show cause why they should not be held in contempt for failure to comply with the court's **Order Granting Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction** (Dkt. 8), dated January 18, 2005.

Within three (3) days of the court's January 18, 2005 order, Defendants were directed to "remove and return to Plaintiff all signage, logos, business cards, advertising materials, and all other materials using ChevronTexaco's trademark." (Dkt. 8 at 2) In addition, the Court ordered that Defendants were permanently enjoined from further infringing any of ChevronTexaco's trademarks. (Id.)

Plaintiff, in its Motion to Show Cause, alleges that Defendants have received a copy of the January 18, 2005 order but

---

[1] By Order dated May 19, 2005, this matter was referred to the undersigned by the District Court for consideration and a report and recommendation. See Local Rule 6.01(b) and 6.01(c), M.D. Fla.

that Defendants have willingly and intentionally refused to comply with it (Dkt. 9 at 2).

The court ordered a hearing on Plaintiff's Motion (Dkt. 15) The court further ordered representatives of both Defendants to attend the hearing (Id. at 2).

Counsel for Plaintiff appeared at the hearing and attorney Graham Kligerman appeared at the hearing for the Defendants.  Mr. Kligerman represented that, while he had not appeared in the action, he would file a notice of appearance later on the day of the hearing.  Mr. Gentile did not appear at the hearing and no other representatives of MJG Corporation of Pinellas appeared at the hearing.

Based on the representations of counsel for the parties and the review of updated photographs of the facility (Plaintiff's Exhibit 1 at the June 7, 2005 hearing), it appears that, since the filing of the Plaintiff's Motion to Show Cause and the time of this court's Order directing a hearing on that Motion, Defendants have taken actions to remove certain infringing signage and logos from the facilities.

At the time of the June 7, 2005 hearing and this order, only one signage issue apparently remains.  Specifically, the "Xpress Lube" signage over the bay doors remains on the facility. Defendants represented to Plaintiff for the first time in the minutes before the hearing that Defendants are willing to remove this last infringing sign and return it to Plaintiff.

The other issue that remains involves the amount of fees and costs that the Defendants should reimburse to ChevronTexaco given

that it was required to pursue this motion and hearing before Defendants took any action.

Accordingly and upon consideration, it is recommended that the District Court Judge **ORDER** that:

(1) Defendants are in contempt of the court's January 18, 2005 Order;

(2) Defendants are required to remove any remaining infringing signage within ten (10) days of the date of this order;

(3) The court reserves ruling on the amount of fees and costs to be awarded to ChevronTexaco; and

(4) Should Defendants fail to comply with these directives, Plaintiff is directed to file a notice of non-compliance with the court, and the court will impose immediate additional sanctions.

**June 8, 2005**

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).