UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHEVRON U.S.A., INC., ect.,**

   **Plaintiff(s),**

v.                                    Case No.: 8:04-CV-2315-T-17-EAJ

**MJG CORPORATION OF PINELLAS,**
etc., et. al.,

   **Defendant(s).**
_____/

## CERTIFICATE OF FACTS CONSTITUTING CONTEMPT

(1)  On August 9, 2005, Plaintiff filed **Plaintiff's Notice of Defendants' Non-Compliance with the Court's June 20, 2005 Order** (Dkt. 21)  According to Plaintiff, despite repeated requests, Defendants have failed to remove an infringing sign from the facility in violation of this court's order.  (Dkt. 21 at 1) Plaintiff further alleges that Defendants have unnecessarily protracted this dispute by dodging and refusing to acknowledge service and by refusing to remove the infringing signage.  (Dkt. 21 at 2)

(2)  By order dated October 4, 2005, this matter was referred to the undersigned by the district court for consideration and a Report and Recommendation.  (Dkt. 22)

(3)  On October 21, 2005, the court set a hearing on Plaintiff's notice for November 22, 2005 at 11:00 a.m.  (Dkt. 23) On October 25, 2005, the Clerk of the Court mailed a copies of the

hearing notice, by return receipt confirmation, to Defendants and Defendants' counsel.[1]  (See October 25, 2005 Docket entry)

4)   Neither Defendants or Defendants' counsel appeared at the November 22, 2005.  (Dkt. 25)

5)  On November 23, 2005, this court issued a show cause order why Defendants should not be sanctioned for failure to attend the hearing and to comply with prior court orders.  (Dkt. 25)  A hearing on the show cause order was set for December 16, 2005 at 10:00 a.m.  (Dkt. 25 at 3)  Pursuant to the show cause order, Defendants and Defendants' counsel, Graham Kligerman, Esq. ("Kligerman") were ordered to appear personally at the hearing.[2]  (Id.)

---

[1] The Clerk of the Court mailed the notice to Defendants' counsel because Defendants' counsel, Mr. Graham Kligerman neglected to register for CM/ECF and failed to participate in electronic filing.  Likewise, Mr. Kligerman neglected to advise the court of his change of address and telephone number.  According to a secretary in Mr. Kligerman's prior law firm called by the undersigned's law clerk on November 22, 2005, Mr. Kligerman changed law offices in early September 2005 and the law firm has forwarded or faxed mail to Mr. Kligerman who has personally stopped by the office to retrieve his mail.

[2] In accordance with the November 23, 2005 order, the United States Marshal was directed to personally serve the Defendants and Defendants' counsel with a copy of the order on or before December 8, 2005.  (Dkt. 25 at 3)  The Clerk of the Court was directed to send a copy of the order to Defendants and Defendants' counsel by certified mail and regular mail.  (Id.)

On December 16, 2005, Mr. Ryan Barry, Supervisor with the United States Marshal Service, advised the court that although he believed the Defendants and Defendants' counsel were served with the court's order, he did not have proof of service.  (Dkt. 28) On November 29, 2005, a person at Mr. Kligerman's law office signed a return post card confirming receipt of the November 23, 2005 order.  (Dkt. 26)

6) On December 16, 2005, Defendants failed to appear for the hearing. (Dkt. 28) Defendants' failure to appear for the duly noticed hearings is not the first instance of Defendants' disregard for the court's rules.

7) On January 18, 2005, this court granted Plaintiff's Motion for Default Judgment and Permanent Injunction. (Dkt. 8). Within three (3) days of the order, Defendants were directed to remove and return to Plaintiff all signage, logos, business cards, and advertising materials using the Chevron Texaco trademark. (Dkt. 8 at 2)

8) On June 20, 2005, this court found Defendants in contempt of the court's January 18, 2005 order. (Dkt. 18) Pursuant to the June 20, 2005 order, Defendants were required to remove any remaining infringing signage within ten (10) days of the order.

9) In Plaintiff's Notice of Non-Compliance, Plaintiff alleges that Defendants still have not complied with the Court's June 20, 2005 order. (Dkt. 27 at 1,3) According to an affidavit attached to Plaintiff's Notice of Filing, Ms. Jackie Bonham ("Bonham") visited Defendants' facility in late December 2004, on April 11, 2005, June 1, 2005, and more recently on December 11, 2005. (Id. at 3) During Bonham's visit to Defendants' facility on December 11, 2005, she took photographs of signage. Although Defendants have removed a portion of the infringing sign over the bay doors, Plaintiff asserts that Defendants have not removed the entire sign

3

and have not returned the sign to Chevron as required by the court's prior orders. (Dkt. 27 at 2)

10) On December 16, 2005, Defendants' counsel also failed to appear for the hearing. According to the Florida Bar, Mr. Graham D. Kligerman was disbarred on December 12, 2005. (See attached letter of December 19, 2005 from the Florida Bar) In light of the Mr. Kligerman's disbarment, he is not eligible to practice law in Florida.

## CONCLUSION

By failing to comply with this court's orders and failing to attend duly noticed hearings, Defendants are in contempt of court punishable under 28 U.S.C. § 636(e)(6).

By separately issued order to show cause, Defendants shall appear before the Honorable Elizabeth A. Kovachevich, on Tuesday, January 31, 2006 at 10:00 a.m. to show cause why they should not be held in contempt of court for violating this court's orders.

**DONE AND ORDERED** at Tampa, Florida this 19th day of December, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

4

cc:
    Mr. Graham D. Kligerman
    901 N. Hercules Ave.
    Suite E
    Clearwater, FL 33765

    Michael J. Gentile
    6715 121 st Street Ave. North
    Largo, FL 33773

    MJG Corporation of Pinellas
    Attn: Michael J. Gentile
    1721 Clearwater Largo Road
    Clearwater, FL 33765

    U.S. Marshal